UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOBIAS R. REID, MD, PhD, | |
| Plaintiff, | 21-CV-8106 (LTS) |
| -against- | TRANSFER ORDER |
| INTERNAL REVENUE SERVICE; UNITED STATES POST OFFICE; SUNIA KHAN, | |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, a resident of Brooklyn, New York, brings this *pro se* action under 42 U.S.C.

§ 1983 ("Section 1983"), alleging that Defendants failed to process and deliver his stimulus

check. Named as Defendants are the Internal Revenue Service ("IRS"), United States Postal

Service ("USPS"), and Sunia Khan, an individual who appears to be a USPS employee. Plaintiff

provides Brooklyn, New York, addresses for all Defendants. For the following reasons, the Court

construes Plaintiff's claims as arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.

§§ 1346(b), 2671-80, and transfers the action to the United States District Court for the Eastern

District of New York.

## BACKGROUND

The following allegations are taken from the complaint. On or about March 26, 2021,

Plaintiff's stimulus check was mailed to him at his current address in Brooklyn, New York. It

was to be "mailed and [d]elivered" by the Postal Agent located on Fulton Street in Brooklyn.

(ECF 2, at 5.) Plaintiff "learned of the mailing" after "accessing 'Get My Payment,'" which the

Court understands as a reference to a feature on the IRS's website. (*Id.*) On April 9, 2021, after

allowing the Postal Service "ample time" to make the delivery, Plaintiff asked Defendant Sunia

Khan, a postal agent, about his check. (*Id.*) Khan told Plaintiff that Plaintiff has "'no mail.'" (*Id.*)

Plaintiff visited the Post Office and was told that the check had not been returned. Plaintiff waited for a new check, but the "IRS became silent with [a]bsolutely no response to multiple filings, phone calls and [corr]espondence." (*Id.*) Plaintiff submitted multiple forms to the IRS, but the IRS made no updates to his account and still states that Plaintiff's check was mailed on March 26, 2021.

Plaintiff seeks compensatory damages and requests that the IRS issue his stimulus check.

## DISCUSSION

Plaintiff purports to assert claims under Section 1983, but because he alleges that his rights were violated by employees of the federal government, any such claims would arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983].");￼ *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed § 1983 claims brought against federal employee as arising under *Bivens*). To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389).

The doctrine of sovereign immunity bars federal courts from hearing all suits for monetary damages against the federal government, including its agencies and employees acting in their official capacities, except where sovereign immunity has been waived. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Dotson v. Griesa*, 398 F.3d 156, 177 (2d Cir. 2005); *Makarova v. United States*, 201 F.3d

110, 113 (2d Cir. 2000); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived."). Because the USPS and the IRS are federal agencies, and Khan is a federal employee acting in his official capacity, and because sovereign immunity has not been waived for suits seeking money damages under *Bivens*, Plaintiff's *Bivens* claims are barred by the doctrine of sovereign immunity.

The FTCA provides a limited waiver of sovereign immunity for money damages for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). The Court therefore construes Plaintiff's claims as arising under the FTCA.[1] *See Alexander v. U.S. Postal Serv.*, 416 F. Supp. 3d 202, 204 (E.D.N.Y. Oct. 11, 2017) (determining that the FTCA "provides the only possible basis for subject matter jurisdiction" to consider plaintiff's lost mail claim); *Brown v. eBay*, No. 14-CV-2803, 2014 WL 7342898, at *2 (E.D.N.Y. Dec. 23, 2014) (construing a cause of action against USPS for failure to deliver a package as a tort claim); *Rosales v. U.S. Postal Servs.*, No. 10-CV-2431, 2010 WL 2653381, at *1-2 (E.D.N.Y. June 22, 2010) (construing Plaintiff's allegations that the USPS lost her check from the IRS as arising under the FTCA).

Venue for Plaintiff's FTCA claims is not proper in this district. "Any civil action on a tort claim against the United States under [28 U.S.C. § 1346(b)] may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of

---

[1] The so-called "postal matter exception" to the FTCA's waiver of sovereign immunity preserves sovereign immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004). Plaintiff's FTCA claims arising from the loss or miscarriage of mail may therefore be barred by sovereign immunity.

occurred." 28 U.S.C. § 1402(b). Here, Plaintiff resides in Brooklyn, New York, and alleges that the IRS and USPS agents located in Brooklyn failed to process and deliver his stimulus check to his Brooklyn address. Brooklyn is in Kings County, which falls in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Venue for Plaintiff's FTCA claims is therefore proper in the Eastern District of New York, *see* 28 U.S.C. § 1402(b), and the Court transfers this action to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   October 18, 2021
            New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge